UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN YAN LUIS, on behalf of himself and all
others similarly situated,

                        Plaintiff,

        -v-                                             CIVIL ACTION NO. 22 Civ. 1594 (PAE) (SLC)

                                                        **REPORT AND RECOMMENDATION**
FREE SPEECH SYSTEMS LLC d/b/a
INFOWARSSTORE.COM,

                        Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

**TO THE HONORABLE PAUL A. ENGELMAYER**, United States District Judge:

## I. BACKGROUND

On February 25, 2022, Plaintiff Kevin Yan Luis ("Plaintiff"), on behalf of himself and all others similarly situated, filed this action against Defendant Free Speech Systems LLC d/b/a Infowarsstore.com ("Free Speech Systems") pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12181, (the "ADA"), alleging that Free Speech Systems' website, infowarsstore.com, is inaccessible to visually impaired and blind individuals such as himself.  (Dkt. No. 1 (the "Complaint")).   This action has been referred to the undersigned for general pretrial management.  (Dkt. No. 7).

On December 2, 2022, Free Speech Systems filed a voluntary petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code (the "Bankruptcy") in the U.S. Bankruptcy Court for the Southern District of Texas.  (Dkt. Nos. 13–14).  Accordingly, on February 1, 2023, we stayed this action pending the resolution of the Bankruptcy and ordered the parties to file status letters every 90 days.  (Dkt. No. 14).

On January 10, 2025, Plaintiff advised the Court that the parties reached a settlement in principle. (Dkt. No. 40; 42).  Accordingly, the Honorable Paul A. Engelmayer closed the action and advised Plaintiff of his "right to re-open the action within 30 days of [March 12, 2025] if the settlement is not consummated."  (Dkt. No. 43).  On June 9, 2025, after Judge Engelmayer extended Plaintiff's deadline to re-open the action, Plaintiff filed a motion to re-open and restore the action given Free Speech System's "rejecti[on] [of] the proposed [settlement] agreement." (Dkt. No. 48 (the "MTR")).  On June 10, 2025, Judge Engelmayer granted the MTR and extended the time for the parties to reach a settlement agreement until July 10, 2025.  (Dkt. No. 49).  On July 1, 2025, we held an in-person conference to discuss the parties' settlement discussions (Dkt. No 50; 54 (the "Conference")), after which we referred the parties to the Court-annexed Mediation Program.  (Dkt. No. 52–53 (the "Mediation Referral")).

On September 4, 2025, the Mediation Program informed us that they closed the Mediation Referral because Free Speech System's counsel was "unable to contact [Free Speech Systems] to confirm [its] attendance at the mediation scheduled for September 10, 2025." (Dkt. No. 57).  On September 18, 2025, Free Speech System's counsel advised the Court that despite his "attempt[s] to reach [his] client to get directions on how to proceed in this case," he "received no response whatsoever[.]"  (Dkt. No. 58).  Free Speech System's counsel then moved to withdraw.  (Dkt. No. 60; 62 (the "MTW")).  On September 24, 2025, we ordered Free Speech Systems to respond to the MTW and reminded Free Speech Systems that, as a corporate entity, "it <u>must</u> appear through counsel in this action and cannot appear <u>pro se</u>."  (Dkt. No 61).  <u>See</u> <u>Lattanzio v. COMTA</u>, 481 F.3d 137, 140 (2d Cir. 2007) (explaining that "a limited liability company [] may appear in federal court only through a licensed attorney."); <u>accord</u> <u>Kenyatta v. City of New</u>

York, 25 Civ. 2868 (KMW), 2025 WL 1984391, at *2 (S.D.N.Y. 2025).  Accordingly, we warned Free Speech Systems that if it did not respond to the Motion, or if new counsel did not appear on behalf of it, by October 13, 2025, the Court may permit Plaintiff to initiate default proceedings against it.  (Dkt. No. 61).  On October 14, 2025, Free Speech Systems having not responded to the MTW, we granted the MTW, but further extended, sua sponte, Free Speech Systems' deadline for new counsel to appear on behalf of it to October 28, 2025, again warning that failure to retain new counsel may result in the "Court permit[ting] Plaintiff to initiate default proceedings against [it.]"  (Dkt. No. 63).  On October 30, 2025, new counsel still not having appeared for Free Speech Systems, we ordered Plaintiff to request a Certificate of Default ("CoD") against Free Speech Systems by November 13, 2025, and to file a Motion for Default Judgment ("MDJ") by November 27, 2025.  (Dkt. No. 64).

On November 13, 2025, Plaintiff filed a proposed CoD, which the Clerk of Court marked as deficient.  (Dkt. No. 65; Dkt. Entry dated Nov. 17, 2025).  On November 19, 2025, Plaintiff attempted to re-file the proposed CoD.  (Dkt. No. 66–67).  The Clerk of Court, however, again marked the proposed CoD as deficient and directed Plaintiff to re-file it.  (Dkt. Nos. 66–67; Dkt  Entries dated Nov. 24, 2025).  On December 1, 2025, Plaintiff still having not re-filed the proposed CoD, we ordered Plaintiff to re-file it by December 8, 2025, and sua sponte extended Plaintiff's deadline to file the MDJ to December 15, 2025.  (Dkt. No. 68).  We further warned Plaintiff that failure to re-file the proposed CoD by December 8, 2025, "may result in the Court dismissing this action for failure to prosecute."  (Dkt. No. 68 at 2).

On December 9, 2025, Plaintiff still having not re-filed the proposed CoD, we provided Plaintiff with one final courtesy, and sua sponte extended its deadline to re-file the proposed CoD

to December 16, 2025.  (Dkt. No. 69 at 2).  We warned Plaintiff <u>again</u> that failure to re-file the proposed CoD by December 16, 2025 "will result in the undersigned recommending that the Court dismiss this action or failure to prosecute."  (Dkt. No. 69).  To date, notwithstanding our warnings, (Dkt. No. 68–69), Plaintiff has still not re-filed the proposed CoD.

## II. <u>DISCUSSION</u>

### A.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  "A district court has the inherent authority to dismiss for failure to prosecute <u>sua</u> <u>sponte</u>."  <u>Murray v. Smythe</u>, No. 18 Civ. 4705 (KMK), 2020 WL 4482644, at *2  (S.D.N.Y. Aug. 3, 2020)  (citing  <u>Link  v.  Wabash  R.R.  Co.</u>,  370 U.S. 626, 630  (1962)).   In determining whether to do so, we consider:  (i) the duration of Plaintiff's failure to comply with court orders, (ii) whether he received notice that further delay would result in dismissal, (iii) Free Speech Systems prejudice from further delay, (iv) the efficacy of lesser sanctions, and (v) the balance between "alleviat[ing] court calendar congestion" and protecting Plaintiff's right to due process.  <u>Caussade v. United States</u>, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (quoting <u>Lewis v. Rawson</u>, 564 F.3d 569, 576 (2d Cir. 2009)).

### B.  <u>Application</u>

Here, considering the factors noted above, we conclude that Plaintiff has failed to prosecute this action and dismissal is appropriate.  Plaintiff bears the burden of prosecuting his case but has ignored and failed to comply with several of the Court's Orders and the Clerk of Court's instructions to re-file the proposed CoD.  (Dkt. No. 64–69; Dkt. Entries dated

4

Nov. 13, 2025, Nov. 17, 2025, Nov. 19, 2025, and Nov. 24, 2025).  Despite us directing Plaintiff three times to re-file the proposed CoD, he has failed to do so despite two warnings that failure to comply may result in the Court dismissing this action for failure to prosecute.  (Dkt. Nos. 68; 69).

Plaintiff's continued and persistent failure to comply with the Court's Orders and prosecute this case justifies dismissal for failure to prosecute.  See Ruzsa v. Rubenstein & Sendy Attnys at Law, 520 F.3d 176, 178 (2d Cir. 2008) (affirming dismissal for failure to prosecute because, "in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"); German v. Blinken, No. 21 Civ. 4318 (ER), 2022 WL 1748409, at *2 (S.D.N.Y. May 31, 2022) (dismissing case for failure to prosecute, finding that "because [plaintiff] has ignored two Court orders and delayed this case for several months, there are no lesser sanctions that could remedy his failure to prosecute this case").

### III. CONCLUSION

Accordingly, we respectfully recommend that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

Dated:      New York, New York
            December 23, 2025

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

*                *                *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Engelmayer.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).