UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN YAN LUIS, *on behalf of himself and all others similarly situated,*

                                          Plaintiff,

                    -v-

FREE SPEECH SYSTEMS LLC,

                                          Defendant.

---

22 Civ. 1594 (PAE) (SLC)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On February 25, 2022, plaintiff Kevin Yan Luis commenced this action against defendant Free Speech Systems LLC ("Free Speech"), alleging that Free Speech's website is inaccessible to visually impaired and blind individuals such as himself. Dkt. 1. Luis brought claims under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and state and city laws.

On October 30, 2025, upon Free Speech's failure to respond to its counsel's motion to withdraw or obtain new counsel, the Honorable Sarah L. Cave, United States Magistrate Judge, directed Luis to request a certificate of default against Free Speech. Dkts. 63–64. On November 13 and 19, 2025, Luis filed proposed certificates of default, which the Clerk of Court found deficient. Dkts. 65–67. On December 1, 2025, Judge Cave directed Luis to refile the certificate of default by December 8, 2025, and stated that failure to do so may result in dismissal for failure to prosecute. Dkt. 68. Luis did not refile. On December 9, 2025, Judge Cave extended the deadline to refile to December 16, 2025, and stated that failure to do so would result in her recommending dismissal for failure to prosecute. Dkt. 69. Luis again did not refile.

Before the Court is Judge Cave's December 23, 2025 Report and Recommendation. Dkt. 70 ("Report").  It recommends dismissal of this action without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  Luis has not objected or otherwise responded to the Report.

For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.  Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 6, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Cave's Report in its entirety. The Court dismisses this action, pursuant to Rule 41(b), for failure to prosecute. The Court respectfully directs the Clerk of Court to close this case.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 14, 2026
New York, New York